# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION



JOSHUA CACHO,

§
§
§

Plaintiff,

§
§

v.

§
§

AQUOTEIN LLC, a Florida Limited Liability Company, and RYAN PARRISH, a Florida resident,

§        6:23-cv-00387-CEM-RMN
§
§
§

Defendants.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 1.074(b), Plaintiff Joshua Cacho moves for entry of a final default judgment against the Defendants Aquotein LLC and Ryan Parrish. In support of its motion, Plaintiff Joshua Cacho states:

## I. PROCEDURAL HISTORY

1. On March 02, 2023, Plaintiff filed a five-count complaint against Aquotein LLC, and Ryan Parrish for TCPA 47 U.S.C. § 227(b)(1)(a)(iii) (COUNT ONE), TCPA 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(c) (COUNT TWO), 47 C.F.R. § 64.1200(d) (COUNT THREE), Fla. Stat. § 501.059 (COUNT FOUR), Fla. Stat. 501.616(7)(b) (COUNT FIVE).

**2.** Both Defendants Aquotein LLC and Ryan Parrish were served with the Complaint on March 08, 2023. *See Exhibit A*.

**3.** On April 12, 2023, the Clerk entered a default against Ryan Parrish under Fed.R.Civ.P. 55(a). As of today, Ryan Parrish has not answered the Complaint nor has a counsel entered a notice of appearance on his behalf.

**4.** On April 24, 2023, the Clerk entered a Default against Defendant Aquotein LLC under Fed.R.Civ.P. 55(a). As of today, Defendant Aquotein LLC has not answered the Complaint nor has a counsel entered a notice of appearance on its behalf.

## II. FACTS

**5.** <u>Liability</u>: Plaintiff received ten (10) automated prerecorded messaged phone calls to his personal telephones ending in 3823, and 3881, which were listed on the National Do Not Call Registry for more than 31 days prior to the first call received. Compl. ¶ 45-65 ECF No. 1; Cacho v. Aquotein LLC et al, March 02, 2023. Plaintiff made at least nine (9) DNC requests to Defendants' telemarketers. Compl. ¶ 46; Cacho v. Aquotein LLC et al, March 02, 2023, Defendant Aquotein LLC operates as an insurance broker for other companies. Compl. ¶ 38; Cacho v. Aquotein LLC et al, March 02, 2023. Defendant Ryan is an Officer and controls Defendant Aquotein LLC and is personally liable for Defendant Aquotein LLC's actions. Compl. ¶ 39, 97-107; Cacho v. Aquotein LLC et al, March 02, 2023. Defendant Aquotein LLC entered into contracts authorizing telemarketers to solicit on their behalf, including to persons like Plaintiff who revoked consent to receive

2

such solicitations. Compl. ¶ 35, 46; Cacho v. Aquotein LLC et al, March 02, 2023.

All calls and violations were knowing and willful. Compl. ¶ 46; Cacho v. Aquotein

LLC et al, March 02, 2023. Defendant Aquotein LLC and/or their affiliated and

authorized representatives called Plaintiff using automated dialing equipment that

intentionally transmitted false caller identification information.

**6.**     <u>Injury:</u> Plaintiff placed both phones ending in 3881, and 3823 on the

National Do Not Call Registry for more than 31 days prior to the first call received

by the Defendants, and requested multiple times to not be called again. Compl. ¶

35, 46; Cacho v. Aquotein LLC et al, March 02, 2023. Plaintiff found the calls to

be a nuisance and an invasion of privacy. Compl. ¶ 108; Cacho v. Aquotein LLC et

al, March 02, 2023.

**7.**     <u>Damages</u>: Damages for violations of the TCPA are set by statute at $500 per

violation, which can be up to trebled ($1,500 per) if the Court finds the conduct to

be knowing and/or willful. To demonstrate that the conduct was knowing and/or

willful, the Plaintiff need merely prove that the defendant acted voluntarily and

under its own free will, regardless of whether the defendant knew it was acting in

violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting*

47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following

sections.

**8.**     However, Plaintiff alleges that, of the ten (10) known violative calls by

Defendant Aquotein LLC to Plaintiff, all ten (10) calls were made using a

prerecorded voice message to initiate the call, in violation of TCPA 47 U.S.C

§227(b)(1)(iii). Therefore, Plaintiff is entitled to $15,000.00 for statutory violations

as permitted under 47 U.S.C. § 227(b)(3). Plaintiff alleges that of the ten (10)

known violative calls by Defendant Aquotein LLC to Plaintiff, all ten (10) calls

were placed in violation of the Do Not Call list after Plaintiff had revoked his

consent to be called, in violation of TCPA 47 U.S.C §227(c) & 47 C.F.R. §

64.1200(c). Therefore, Plaintiff is entitled to an additional $15,000.00 for statutory

violations as permitted under 47 U.S.C. § 227(c)(3)(f). Plaintiff alleges that of the

ten (10) known violative calls by Defendant Aquotein LLC to Plaintiff, all ten (10)

calls were placed using automated means and prerecorded voice messages without

Plaintiff's, a resident of Florida, express written consent in violation of Fla. Stat. §

501.059(8)(a). Therefore, Plaintiff is entitled to an additional $15,000.00 for

statutory violations as permitted under Fla. Stat. § 501.059(10)(a)(b). Plaintiff is

entitled to a combined total of $45,000 for statutory violations, plus his $402 filing

fee and $150.00 in service costs for a grand total of $45,552.00.

**9.**    Posture: On March 02, 2023, Plaintiff filed his Complaint against

Defendants Aquotein LLC, and Ryan Parrish, alleging violations of the Telephone

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated

thereunder, along with alleging violations of Florida Statutes § 501.059, and

regulations promulgated thereunder. On April 10, 2023, Plaintiff moved for entry of default against all Defendants. On April 12, 2023, default was entered as to Ryan Parrish. On April 20, 2023, Plaintiff moved for entry of default against Defendant Aquotein LLC. On April 24, 2023, default was entered as to Defendant Aquotein LLC. Defendants Aquotein LLC, and Ryan Parrish did not respond to the Complaint. This motion now follows. Plaintiff now moves for default judgement under Rule 50(b)(2) of the Federal Rules of Civil Procedure.

### III. LEGAL STANDARD

**10.**    Federal Rule of Civil Procedure 55(b)(2) allows a district court to enter a final in a case following a defendant's default.  It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court.  Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3$^d$ Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the ensure the defendant the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object.  See, e.g., Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., Civ. No 05-3452 at *9 (D.N.J. July 31, 2008). For reasons set herein, these threshold conditions are met, and default judgment is warranted.  against a properly served Defendant(s) who fail to defend or otherwise appear. A default

judgment should be entered where the defendant(s) has failed to appear and the complaint properly pleads a claim for relief. See *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370, n. 41 (11th Cir. 1997). The effect of the entry of a default is that all of the factual allegations in the complaint are taken as true. Pepsico, Inc. V. Productos Nicaraguenses Corp., 2006 Wl 3940591 (S.D.FL. Dec. 22, 2006). Thus, the Defendant "…admits the Plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

### The Balance of Factors Weighs in Favor of a Default

11.    It is clear that the balance of factors surrounding Defendants' opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendants have not responded, the Court is unable to consider either the existence or lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

### Without Default, Plaintiff Will be Denied Relief

12.    In considering a default judgment motion, the court must consider if the Complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute*

*Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendants' failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). Here, Defendants were made aware of its unlawful conduct when they were served, all of which went ignored. Nevertheless, Defendants have failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### Defendants have no Meritorious Defense

**13.**    In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendants did not respond, the Court cannot determine whether or not the Defendants had meritorious defenses that are not reflected in the

record. The Court must therefore conclude that Defendants had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### Defendants are Culpable for their Conduct

14.    The standard for culpability is "willfulness" or "bad faith" on the part of the defendants. *Hritz v. Woma Corp*., 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts have found lack of culpability only where the mistakes were innocent, accidental, or somehow excusable. *Emcasco*, 834 F.2d at 75 (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendants' failure to answer, despite adequate service and actual knowledge of

the lawsuit, evidences their culpability in their default. Accordingly, this weighs in favor of Plaintiff.

### The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

15. The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $45,552.00, are both reasonable and fair given the circumstances and facts of the case.

## IV.    ANALYSIS

16. Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported his TCPA claims with more than adequate specificity. *Compare* Compl. ¶ 16-37 (date, caller ID, called number, message content, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v.*

*Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018);

*Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015.

17.     In particular, Plaintiff has adequately and specifically stated claims for calls placed to a number on the National Do Not Call Registry after Plaintiff revoked his consent to be contacted. 47 U.S.C. § 227(c) and the regulations promulgated thereunder at 47 C.F.R. § 64.1200(c)(2), (c)(5), and (d)(6). Compl. ¶ 38-42.

18.     <u>First Claim:</u> The elements of this claim are: (1) The Defendants called Plaintiff using automated technology to generate a prerecorded message to initiate the call; (2) the defendant called a private telephone number; (3) registered on the National Do Not Call Registry; (4) Defendants ignored Plaintiffs multiple DNC requests; (5) at least twice in any 12-month period; (6) for initiating any telephone solicitation; (7) without consent or having had consent revoked; (8) Defendants called Plaintiff, a Florida Resident using a prerecored voice message to initiate the calls without express written consent. 47 U.S.C. § 227(b), 47 C.F.R. § 64.1200(c)(2); Fla. Stat. 501.059(8)(a).

## Damages are Appropriate for Default Judgment

19.     "[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at \*7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV,*

*Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

**20.**    Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia, LLC.*,($45,000).

**21.**    The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). Plaintiff pleads he received ten (10) calls. As outlined above all ten (10) calls violate one part of section (b) (calling Plaintiff using a prerecorded message to initiate call) and one part of section (c) (calling Plaintiff while he was on the Do Not Call List), and entitles Plaintiff to an award of $500 for each violation plus treble damages, for a total of $30,000.

**22.**    The Statutory penalty for Fla. Stat. 501.059 violation is $500 for each violation of Section Fla. Stat. § 501.059(8)(a). These damages can be up to trebled to $1,500 under Fla. Stat. § 501.059(10)(a)(b). Plaintiff pleads he received ten (10)

calls. As outlined above all ten (10) calls violate section (8)(a) (making a sales call to Florida resident using automated means and prerecorded voice messages without Plaintiff's express written consent), and entitles Plaintiff to an award of $500 for each violation plus treble damages, for a total of $15,000.

23.     The sum of statutory damages, therefore, totals $45,000. Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768.

24.     The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs*. This conclusion is unchanged by the

number of calls for which damages are sought. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

**25.**    In addition, Plaintiff paid the $402 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, Plaintiff expended $150.00 in service of process to get both Defendants served. Therefore, Plaintiff is entitled to recover costs of service under FED. R. CIV P. 4(d)(2). *Mercedes-Benz Fin. Servs. USA LLC v. Chandler*, No. 19-CV-15716-ES-ESK, 2020 WL 3892360(D.N.J. July 2, 2020). Therefore, Plaintiff seeks a total judgment of $45,552.00.

**26.**    Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgment be entered in the amount of $45,552.00.

## V. CONCLUSION

**27.**    Plaintiff prays the Court enter judgment against the Defendants jointly and severally in the amount of $45,552.00.  Plaintiff further asks the Court to award Plaintiff prejudgment interest at the prevailing legal rate.

August 03, 2023,                                    *Josh Cacho*
                                                   _____
                                                   Plaintiff, pro se
                                                   Joshua Cacho

13

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| **JOSHUA CACHO,** §<br>§<br>§<br>      **Plaintiff,** §<br>§<br>   **v.** §<br>§<br>**AQUOTEIN LLC,** a Florida Limited §<br>Liability Company**,** and **RYAN PARRISH,** §<br>a Florida resident §<br>§<br>§<br>§<br>§<br>      **Defendants.** § | **6:23-cv-00387-CEM-RMN** |

## <u>CERTIFICATE OF SERVICE</u>

I herby certify that on August 03, 2023, I caused a true copy of the foregoing, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW  to be served via USPS mail to Defendant AQUOTEIN LLC, c/o registered agent SOFTBOOKS INC., at 5373 N Nob Hill RD Sunrise, Florida 33351.

I herby certify that on August 03, 2023 I caused a true copy of the foregoing, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW to be served via USPS mail to Defendant Ryan Parrish, at 4611 N Federal HWY APT 207 Pompano Beach, Florida 33064.

August 03, 2023                                  Respectfully submitted,

*Josh Cacho*

Joshua Cacho

Plaintiff Pro Se
164 Estella Rd