UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSHUA CACHO,**

        **Plaintiff,**

**v.**                                                              **Case No. 6:23-cv-387-CEM-RMN**

**AQUOTEIN LLC and RYAN PARRISH,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment ("Motion," Doc. 21). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 22), recommending that the Motion be granted in part and denied in part, (*id.* at 16–17).

Plaintiff filed this action against Defendant Aquotein LLC ("Aquotein") and Defendant Ryan Parrish ("Parrish"), bringing five claims against them for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, certain federal regulations, 47 C.F.R. § 64.1200(c)–(d), the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, and the Florida Telemarketing Act, Fla. Stat. § 501.616(7)(b). (Compl., Doc. 1, at 20–24). On April 12, 2023, the Clerk of Court entered default as to Defendant Parrish, (Doc. 14), and on April 24, 2023,

Page **1** of **4**

the Clerk of Court entered default as to Defendant Aquotein, (Doc. 18). Plaintiff now moves for default judgment against Defendants. (*See generally* Doc. 21).

The Magistrate Judge recommended that since Plaintiff's Complaint fails to state a claim against Defendant Parrish, the Court should deny Plaintiff's request for default judgment against Defendant Parrish. (Doc. 22 at 7). Additionally, the Magistrate Judge recommended that since Plaintiff has not sufficiently pleaded allegations to warrant default judgment under 47 C.F.R. § 64.1200(d), that the Court deny the Motion as it relates to Count III of the Complaint. (*Id.* at 11). The Magistrate Judge also recommended that since Plaintiff has sufficiently stated claims against Defendant Aquotein in Counts I, II, IV, and V of his Complaint, that the Court should grant the Motion as to those Counts. (*Id.* at 7–10, 12–14). The Magistrate Judge further recommended that since Plaintiff's allegations do not rise to the level appropriate for treble damages, and Plaintiff alleges that he received ten violative calls, that the Court find Defendant Aquotein LLC liable for ten violations of the TCPA and FTSA, and allow Plaintiff to recover $500.00 for each violation for a total award of $10,000.00 in statutory damages. (*Id.* at 16). Finally, the Magistrate Judge recommended that the Court award Plaintiff $467 in costs for his filing and service of process fees. (*Id.*).

As to the claims that the Magistrate Judge recommended denial of default judgment, he also recommends the entry of judgment in favor of Defendants and

against Plaintiff. However, "a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015), and the Court is unaware of a procedural mechanism that would allow the entry of judgment in favor of a non-appearing defendant simply because the plaintiff failed to state a claim. Instead, it appears that the proper procedure is to dismiss the claims that are not sufficiently alleged. *Id.*; *Quire v. Smith*, No. 21-10473, 2021 U.S. App. LEXIS 22647, at *2 (11th Cir. July 30, 2021).

"Prior to dismissing an action on its own motion, a court must typically provide the plaintiff with notice and an opportunity to respond to the contemplated dismissal. An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Quire*, 2021 U.S. App. LEXIS 22647 at *2–3. Here, Plaintiff was given notice that certain claims in his Complaint were insufficient by the R&R, and Plaintiff was given the opportunity to respond in the form of objections to the R&R. He did not do so.

Therefore, after review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and noting that no objections were timely filed, the Magistrate Judge's recommended disposition is accepted except as outlined herein. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 22) is **ADOPTED** and made a part of this Order except as modified herein.

2. Plaintiff's Motion for Default Judgment (Doc. 21) is **GRANTED in part** and **DENIED in part**.

    a. The Motion is **GRANTED** insofar as it seeks the entry of default judgment as to Counts I, II, IV, and V against Defendant Aquotein LLC.

    b. The Motion is otherwise **DENIED**.

3. The Clerk is directed to enter **DEFAULT JUDGMENT** in favor of Plaintiff and against Defendant Aquotein LLC on Counts I, II, IV, and V in the amount of $10,467.00.

4. All remaining claims are **DISMISSED**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party